**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PRENTICE HAYES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17−cv−0184−SMY |
| | ) | |
| **J. URASKI,** | ) | |
| **R. ALLEN,** | ) | |
| **CHARLES HECK,** | ) | |
| **MARCUS MYERS, and** | ) | |
| **THOMAS SPILLER** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Prentice Hayes, an inmate at Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, for events that took place at Pinckneyville Correctional Center ("Pickneyville"). Plaintiff seeks monetary damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

On September 6, 2014, Defendant Uraski wrote Plaintiff a disciplinary report. (Doc. 1, p. 6). Plaintiff was moved out of his cell, searched and placed on investigatory status in segregation. *Id.* Allen signed off on the disciplinary report. *Id.* Plaintiff received a revised disciplinary report on September 8, 2014, also written by Uraski and signed by Allen. *Id*. Both the written report and the revised report contained false statements. *Id.* The Adjustment Committee heard the ticket on September 13, 2014. *Id.* Defendants Heck and Myers sat on the Adjustment Committee. *Id.* They found Plaintiff guilty and sentenced Plaintiff to 3 months segregation, 3 months C-grade, 1 month loss of time and 6 months contact visit restrictions. *Id.* Defendant Spiller signed off on the discipline on September 18, 2014. *Id.* Plaintiff filed a grievance on the disciplinary report with the Administrative Review Board, and the discipline was overturned on August 25, 2015. (Doc. 1, p. 7).

Plaintiff experienced significant and atypical hardships while in segregation. *Id.* Specifically, the cell he was housed in had a rodent and pest infestation, the mattress was

smeared with urine and feces, there was constant noise from other inmates, the cell was inhumanely cold, windows were broken and Plaintiff lost certain privileges. *Id.* Plaintiff was also deprived of cleaning supplies and adequate opportunities to shower. *Id.* He watched a man die and his TV got broken. *Id.* Plaintiff suffered severe headaches as a result of the conditions. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 2 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court:

**Count 1** – Defendants deprived Plaintiff of his due process rights in violation of the Fourteenth Amendment when they issued a false disciplinary report against him and disciplined him on that basis;

**Count 2** – Plaintiff was subjected to unconstitutional conditions of confinement in segregation at Pinckneyville in violation of the Eighth Amendment.

*Count 1 – Fourteenth Amendment Due Process Claim*

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). But "inmates have no liberty interest in avoiding transfer to discretionary segregation—that is, segregation imposed for administrative, protective, or investigative purposes." *Id.* (citing *Lekas v. Briley*, 405 F.3d 602, 608-09, n. 4 (7th Cir. 2005)

3

"[I]f the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh," then some process is needed. *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009). The Seventh Circuit has clarified that a court must consider the length of segregated confinement together with all of the conditions of that confinement in determining whether a liberty interest is implicated (It is an error to only consider terms of longer than six months, and conditions should not be considered in isolation from one another). *Kervin v. Barnes*, 787 F.3d 833, 836-37 (7th Cir. 2015).

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the *Wolff* requirements be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must assess whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

Here Plaintiff has alleged that he was sent to segregation for 90 days. While 90 days standing alone is not enough to trigger constitutional scrutiny, Plaintiff has also alleged that the conditions he endured during that period imposed atypical and significant hardship. Certainly,

4

Plaintiff's allegations that he was subjected to conditions including vermin, filthy cells and extreme temperatures for 90 days make it plausible that he was deprived of a liberty interest.

Plaintiff also alleges that his discipline was ultimately expunged due to a due process violation. Exhibits submitted by Plaintiff show that the ticket was in fact expunged, and that the Administrative Review Board did so because it found that the process ran afoul of DR 504.80. That regulation is broader than the protections offered by *Wolff*, but the fact that Administrative Review Board found a due process violation that may have violated *Wolff* is sufficient at the pleading stage to render Plaintiff's claim plausible. Therefore, **Count 1** will be allowed to proceed.

*Count 2 – Eighth Amendment Claim*

As to **Count 2**, the Court finds that Plaintiff has not adequately pled an independent claim for conditions of confinement because he has not alleged that any of the named defendants were personally involved with respect to the conditions at issue. Specifically, he has not alleged that he complained to any of the named defendants about the conditions or that they were otherwise aware of the conditions and failed to act. Notably, an official cannot be held liable in a civil rights action merely because he supervised the person who violated a prisoner's constitutional rights – the doctrine of *respondeat superior* (supervisory liability) is not applicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Section 1983 creates a cause of action based on personal liability and predicated upon fault. As such, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). Accordingly, **Count 2** will be dismissed without prejudice for failure to plead personal involvement by any of the named defendants.

**Pending Motions**

As the Court has granted leave for Plaintiff to proceed in forma pauperis, it will order service on Defendants. Thus, Plaintiff's Motion for Service of Process at Government Expense is **MOOT**. (Doc. 3).

Plaintiff's Motion for Recruitment of Counsel will be referred to Magistrate Judge Daly for disposition. (Doc. 4).

**Disposition**

**IT IS HEREBY ORDERED** that **Count 1** shall proceed in this action. **Count 2** will be **DISMISSED without prejudice** because Plaintiff has not associated any Defendants with that claim.

The Clerk of Court shall prepare for Defendants **URASKI, R. ALLEN, CHARLES HECK, MARCUS MYERS, and THOMAS SPILLER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address

shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 4).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 5, 2017**

s/ STACI M. YANDLE
**U.S. District Judge**
