# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRENTICE C. HAYES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 17-cv-184-SMY-RJD ) |
| J. URASKI, R. ALLEN, CHARLES HECK, MARCUS MYERS, and THOMAS SPILLER, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 52), recommending the undersigned grant Defendants' Motion for Summary Judgment (Doc. 37). Plaintiff filed a timely objection (Doc. 53). For the following reasons, Judge Daly's Report and Recommendation is **ADOPTED**.

### Background

Plaintiff Prentice Hayes is currently incarcerated at Western Illinois Correctional Center ("WICC"). He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, asserting constitutional violations that occurred while he was confined at Pinckneyville Correctional Center ("Pinckneyville"). Specifically, Hayes alleges Defendants deprived him of a protected liberty interest by placing him in disciplinary segregation for three months following the issuance of a false disciplinary ticket. Defendants moved for summary judgment, contending no liberty interests

were implicated to invoke the due process procedural guarantees and that Hayes has no evidence Defendants were personally involved in the alleged deprivation.

For her Report, Judge Daly considered the following evidence: While incarcerated at Pinckneyville, Plaintiff admitted to being affiliated with the Black P Stones, an IDOC classified security threat group ("STG"). The tactical team discovered STG evidence during a shakedown of Plaintiff's cell on August 29, 2014. Plaintiff was placed on investigative status and subsequently issued a disciplinary report on September 7, 2014. The disciplinary report contained an error in the date. The Adjustment Committee held a hearing on the ticket on September 13, 2014 and found Hayes guilty. Hayes was given 3 months segregation, 3 months C-grade, 1 month loss of time and 6 months contact visit restrictions. Hayes testified that during his time in segregation, he was exposed to a dirty cell, constant yelling from other inmates, cold temperatures and the presence of rodents. IDOC staff cleaned the cell after Hayes complained about its dirty condition. Hayes did not suffer any physical ailments as a result of the conditions in his cell. Hayes filed a grievance after completing his 3-month segregation and the ARB subsequently expunged the disciplinary report due to the error in the date. The revoked 1 month of loss of time was restored.

Judge Daly concluded the evidentiary record did not support a finding that Hayes suffered a deprivation of a liberty interest in segregation. She further concluded that Hayes was afforded due process protections prior to being placed in segregation: he received advanced written notice of the disciplinary charge; was given the opportunity to call witnesses during his hearing; and was provided a written statement by the fact-finders of their decision.

## Discussion

Because a timely objection was filed, the undersigned must undertake a *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas*

*v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*.

Due process requires that inmates in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell*, 418 U.S. 539, 563–72 (1974).

For his objection, Hayes maintains that his due process rights were clearly violated because he spent 3 months in segregation for a disciplinary ticket that was subsequently expunged by the ARB. However, when an inmate has been accorded due process in the form of a disciplinary hearing, his allegation that a disciplinary report was falsified does not state a cognizable due process claim. *See Lagerstrom v. Kingston*, 463 F.3d 621, 623 (7th Cir. 2006) (hearing's procedural safeguards were adequate protection against prison official's arbitrary actions); *McPherson v. McBride*, 188 F. 3d 784, 786 (7th Cir. 1999) ("[W]e have long held that as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."). Hayes does not dispute that he had a disciplinary hearing in which he was permitted an opportunity to call witnesses nor does he

dispute that he was provided a written statement of the reasons for the disciplinary action. The fact that the disciplinary report was eventually expunged due to a technicality does not mean that the hearing failed to satisfy minimal procedural requirements. Accordingly, Hayes' objection is overruled.

After thoroughly reviewing the record before it, the Court finds Judge Daly's factual findings and analysis to be thorough and accurate and **ADOPTS** her Report and Recommendation (Doc. 52) in its entirety. Accordingly, Defendants' Motion for Summary Judgment (Doc. 37) is **GRANTED** and Plaintiff's claims are **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 27, 2019**

**STACI M. YANDLE**
**United States District Judge**